STATE *v.* ELHENAN ANDREWS.

May Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed July 2, 1909.

*Criminal   Law—Evidence—Privilege   of   Witnesses—Answers*
*    Tending  to  Criminate.*

The privilege of refusing to answer a question on the ground that the
    answer will tend to criminate him is strictly personal to the
    witness, and can be asserted by no one else; and, while the court
    may instruct the witness as to his rights in this regard, it is
    error to protect him by excluding material evidence when he fails
    to assert his privilege.

INFORMATION for unlawfully furnishing intoxicating liquor.
Plea, not guilty.   Trial by jury at the March Term, 1909, Wash-
ington County, *Stanton,* J., presiding.   Verdict, guilty; and
judgment thereon.   The respondent excepted.   The opinion
states the case.

*M. M. Gordon* for the respondent.

It was manifest error to exclude the evidence in question
on the ground that it might criminate the witness since he did
not claim his privilege in that regard.   4 Wig. Ev. §2270; *Foster*
v. *Pierce,* 11 Cush. 437; *Com.* v. *Pratt,* 126 Mass. 462; *Com.* v.
*Trider,* 143 Mass. 180; *State* v. *Foster,* 23 N. H. 348; *Cham-*
*berlin* v. *Wilson,* 12 Vt. 491; *Ex parte Senior Jr.,* 32 L. R. A. 133.
Moreover, the witness had waived his right to claim his privi-
lege, by testifying on the subject in direct examination.   *Cham-*
*berlin* v. *Wilson,* 12 Vt. 491; *State* v. *Duncan,* 78 Vt. 364; *In re*
*Consolidated Rendering Co.,* 80 Vt. 55.

*Benjamin Gates,* State's Attorney, for the State.

MUNSON, J.   Mahoney, the State's witness, testified that
the respondent took a bottle of whiskey from his pocket and

gave him a drink. It was the theory of the defence, and the testimony of the respondent when he took the stand, that the respondent had no liquor with him, and that Mahoney was the one who produced the whiskey and did the giving. Respondent's counsel undertook in his cross-examination of Mahoney to get some admissions in line with this theory, but the State's attorney objected to his inquiries on the ground that the witness was entitled to protection, and the court excluded the testimony as evidence that would tend to incriminate the witness. The witness made no claim of privilege.

It is not necessary to inquire what the situation would have been if the witness had claimed the privilege of silence on the ground that his answers would tend to criminate him. The respondent was entitled to the benefit of the proposed examination if the witness was willing to answer, even if there were legal grounds on which the witness might have refused to answer. The privilege, if it existed, was strictly personal, and could be asserted by no one but the witness. The court might properly have instructed the witness as to his privilege, but could not exclude evidence material to the defence for the protection of the witness unless the witness claimed protection. No claim of privilege having been made by the witness, the exclusion of the testimony was error.

*Exceptions sustained, judgment and sentence reversed and cause remanded.*